**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 288-1610**
minute_entries@phillipslaw.com

Trey Dayes (AZ Bar # 020805)
treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ Bar # 030271)
dawns@phillipsdayeslaw.com
John L. Collins (AZ Bar # 030351)
johnc@phillipsdayeslaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| BENJAMIN HERNANDEZ, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID WICK INC., an Arizona Corporation, d.b.a. Oak Creek Ranch School; DAVID WICK JR. and ANNE WICK, husband and wife,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

BENJAMIN HERNANDEZ, (hereinafter “Plaintiff”), alleges as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29

U.S.C. §§ 206(a) & 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages and failure to pay minimum wage in direct violation of the Fair Labor Standards Act, 29 USC § 201 *et seq.* (hereinafter FLSA), and specifically the minimum wage provision of the FLSA found at § 206(a), and the overtime provision of the FLSA found at § 207(a).

4. For at least ten (10) months prior to the filing of this action, Defendants had a consistent policy and practice of paying its employees less than the minimum wage.

5. For at least ten (10) months prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

6. For at least ten (10) months prior to the filing of this action, Plaintiff worked at least forty (40) hours per week and was not paid time and a half for the hours worked above forty (40) hours per week.

7. Plaintiff also seeks to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to A.R.S. § 23-355 and *inter alia* A.R.S. § 12-341.01.

/ / /

/ / /

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Yavapai County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

11. At all times material hereto, Plaintiff was, and continues to be, a resident of Yavapai County, Arizona.

12. Defendant DAVID WICK, INC., is incorporated in the State of Arizona with its principle place of business at P.O. Box 4329, West Sedona, Arizona 86340.

13. Upon information and belief, OAK CREEK RANCH SCHOOL is wholly owned by Defendant, DAVID WICK, INC. OAK CREEK RANCH SCHOOL'S principle place of business is located at 1165 East Willowpoint Road, Cornville, Arizona 86325.

14. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants DAVID WICK JR. and ANNE WICK were, and are, the owners of DAVID WICK, INC.. d.b.a. as OAK CREEK RANCH SCHOOL (hereinafter "OAK CREEK"), and make all managerial and ownership decisions on behalf of the corporation.

15. Upon information and belief, at all times material hereto, Defendant DAVID WICK JR. was, and is, a resident of Yavapai County, Arizona.

16. Upon information and belief, at all times material hereto, Defendant Anne Wick was, and is, a resident of Yavapai County, Arizona.

17. Defendants DAVID WICK JR. and ANNE WICK, have caused events to take place giving rise to this complaint, as to which their marital community is fully liable.

18. At all relevant times, Plaintiff was an "employee" of OAK CREEK, as defined by 29 U.S.C. § 203(e)(1).

19. The provisions set forth in 29 U.S.C §§ 206 and 207, respectively, of the FLSA apply to Defendant OAK CREEK.

20. At all relevant times, Defendant OAK CREEK, was, and continues to be, an employer as defined in 29 U.S.C. § 203(d).

21. Upon information and belief, DAVID WICK JR. and ANNE WICK are deemed "employers" for purposes of the FLSA, including, without limitation, 29 U.S.C. § 216, and are co-equally liable with Defendant OAK CREEK, for all matters.

22. At all times material to this action, Defendant OAK CREEK, was, and is, an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

23. Upon information and belief, at all relevant times, the annual gross revenue of Defendant OAK CREEK exceeded $500,000.00

**FACTUAL BACKGROUND**

24. Defendants specialized in residential education for teenagers.

25. Plaintiff was hired by Defendants on or about February 22, 2013 as a non-exempt hourly paid dorm advisor.

26. Plaintiff's job title was dorm advisor. His duties included watching the students in his assigned areas, as well as in the dorm.

27. Plaintiff's regular rate of pay was $10.00 per hour.

28. Plaintiff was a non-exempt employee.

29. Plaintiff was not a manager.

30. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

31. Upon information and belief, from February 22, 2013 through July 8, 2013, Plaintiff worked up to eighty-seven (87) hours per week.

32. Upon information and belief, from February 22, 2013 through July 8, 2013, Plaintiff was paid hourly for only forty (40) hours per week.

33. Upon information and belief, from February 22, 2013 through July 8, 2013, Defendants failed to properly compensate Plaintiff for all of his overtime hours.

34. Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendants.

35. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were/was willful.

36. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

37. Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C. to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

**COUNT ONE**

**VIOLATION OF FAIR LABOR STANDARDS ACT § 207**

38. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

39. While employed by Defendants, Plaintiff consistently and regularly worked overtime each week.

40. Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

41. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with § 207 of the FLSA.

42. Under 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

43. In addition to the amount of unpaid wages owed to Plaintiff, Plaintiff is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

44. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

45. Defendants have not made a good faith effort to comply with the FLSA.

46. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Awarding Plaintiff overtime compensation in the amount due to his for all of his time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiff's regular rate while at work for Defendants;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiff's costs incurred in this action;

e. Awarding Plaintiff's pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiff's post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g. For such other and further relief as the Court deems just and proper

**COUNT TWO**

**VIOLATION OF FAIR LABOR STANDARDS ACT § 206**

47. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

48. Pursuant to 29 U.S.C. § 206, Defendant was required to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due for each hour plaintiff worked.

49. Defendants willfully failed and refused to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due.

50. Plaintiff is entitled to collect the difference between the received wages and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements and reasonable attorney fees pursuant to 29 U.S.C. §216(b).

51. Plaintiff has been required to bring this action to recover federal minimum wages remaining due and unpaid, and statutory liquidated damages.

WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor against Defendants:

a. Awarding Plaintiff compensation in the amount due to him for unpaid minimum wages in an amount proved at trial;

b. Awarding Plaintiff liquidated damages in an amount equal to the award;

c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. For Plaintiff's costs incurred in this action;

e. Awarding Plaintiff's pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f. Awarding Plaintiff's post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

g. For such other and further relief as the Court deems just and proper.

**COUNT THREE**

**FAILURE TO PAY WAGES**

52. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

53. Upon information and belief, from February 22, 2013 through July 8, 2013, Plaintiff regularly worked up to eighty-seven (87) hours per week.

54. Upon information and belief, from February 22, 2013 through July 8, 2013, Defendants regularly paid Plaintiff for only forty (40) hours per week.

55. Upon information and belief, from February 22, 2013 through July 8, 2013, Defendants failed to pay Plaintiff "wages" (as that term is defined by A.R.S. § 23-350) at Plaintiff's regular rate while Plaintiff was employed by Defendant.

56. Upon information and belief, Defendants' failure to pay Plaintiff said wages was willful, unreasonable, and in bad faith.

57. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount calculated above.

58. Pursuant to, *inter alia*, A.R.S. § 12-341.01, Plaintiff is entitled to an award of his attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Awarding Plaintiff regular compensation in the amount due to him for all of Plaintiff's time worked that was not compensated for while at work at for Defendants.

b. Awarding Plaintiff treble the amount calculated pursuant to the preceding paragraph.

c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to A.R.S. § 12-341.01.

d. For Plaintiff's costs incurred in this action.

e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full.

f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full.

g. Ordering any other and further relief as the Court deems just and proper.

**COUNT FOUR**

**DECLARATORY JUDGMENT**

59. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

60. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

61. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

62. Plaintiff may obtain declaratory relief.

63. Defendants employed Plaintiff.

64. Defendants are enterprises covered by the FLSA.

65. Plaintiff is individually covered by the FLSA.

66. On certain occasions, Plaintiff was not compensated at a rate of at least minimum wage for work performed for Defendants.

67. Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. § 207.

68. Plaintiff is entitled to unpaid wages pursuant to A.R.S. § 23-350.

69. Defendant did not keep accurate time records pursuant to 29 U.S.C § 211(c) and 29 C.F.R. Part 516.

70. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

71. Defendant did not rely on a good faith defense in their failure to abide by the provisions of the FLSA or A.R.S. § 23-350, or in their failure to pay wages and/or overtime compensation.

72. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA and A.R.S. § 23-350.

73. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage

provisions of the FLSA.

b. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

c. Declaring, pursuant to A.R.S. § 23-350, that the acts and practices complained of herein are in violation of A.R.S. § 23-350.

d. For Plaintiff's costs incurred in this action.

e. Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01.

f. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: November , 2013

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

/s/ Dawn M. Sauer
Dawn M. Sauer
Attorney for Plaintiff